DaNiel, J.
 

 The plaintiff’s warrant was for $44 16, and was brought to recover the balance of an account. On the trial, the plaintiff, being unable to prove his account by other witnesses, offered to prove the same to the amount of $44 16, by his own oath, under the book debt law, (Rev. Stat. ch. 58.) This was objected to,
 
 first,
 
 because the con-contract was special; and,
 
 secondly,
 
 because the account, which was rendered by the plaintiff, was for more than sixty dollars. In an action of assumpsit, if a plaintiff is unable to sustain a count in his declaration on a special undertaking, he may nevertheless recover upon any of the common counts in the declaration, which his evidence may fit. In the case before ns, the plaintiff abandoned his special count, and then the evidence was offered by him to support the common counts in his declaration, for goods sold, work done, and labor done. A magistrate has jurisdiction of alt debts and demands of sixty dollars and under, “for a balance due on any special contract, note or agreement, or for goods, wares, and merchandize sold and delivered, or for work and labor done, or for specific articles, &e.” Rev. Stat. c. 62, s. 6 The plaintiff, we think, was a competent uitness, under the book debt law, to prove the sale, delivery and price of any article or articles of goods, or other items in his account, for work and labor done, to the amount of sixty dollars, as all the items in the account appear to bear date within two years of the date of the warrant, and he
 
 *112
 
 could not prove them in any other way. The admission of plaintiff, in his account, that he had received of the defendant $158 84, must betaken altogether. For at the same time that admission was made,, the plaintiff also declared in his written account, that he once had a just demand (which is set out in the case) against the defendant, over and above his present demand, which said demand justly absorbed all the money received. The declarations of a party, made at the same time, must be taken as evidence altogether, as well those to discharge as those to charge him. The whole goes to the jury; and they may, if they think it proper to do so, give credit to one or more parts of the said declaration or declarations, and reject the residue. But the whole declaration is admissible evidence.
 
 Walker
 
 v
 
 Fentress, 1
 
 Dev.
 
 &
 
 Bat. 17. By the book debt law, the plaintiff is obliged to give all just credits ; for he has so to swear. Then, when he proves, by his own oath, items to the amount sf sixty dollars or under, forming the balance that appears due on the account, if the defendant claims the benefit of the credit as a payment of the items thus proved, the plaintiff must necessarily be competent to state in reply, that those payments are not applicable to
 
 those
 
 items, because they have been applied toothers. It is true that the plaintiff cannot prove those others originally, so as- to- entitle him- to recover therefor, if the ground of an action, because the value exceeds sixty dollars; But when the defendant examines him upon the point of the payment of' his demand, then- sued for, it exists in the nature of the- thing, that he should be allowed to answer, if the fact be soy that they are not paid for, and to tell the reason why. Of course, the credit of the statement is for the consideration of the jury. If the plaintiff be honest enough to confess the credit, they will consider whether he has not also been honest enough to disclose truly its proper application.
 

 Per Curiam, Judgment reversed and
 
 venire de novo
 
 awarded.